# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**VALIANT GREEN,**

        **Plaintiff,**

        v.                               Case No. 17-CV-420

**WISCONSIN DEPARTMENT OF CORRECTIONS,**

        **Defendant.**

## ORDER

Valiant Green filed this lawsuit on March 22, 2017. He was recently released from a Wisconsin prison and would like to return to Minnesota, where he resides. As the court understands Green's complaint, he remains on extended supervision and, for Wisconsin to initiate the procedure to transfer his supervision to Minnesota, Green must pay a $150 application fee. Green contends that imposition of a $150 fee is unconstitutional.

Accompanying Green's complaint is his Motion for Leave to Proceed Without Prepayment of the Filing Fee. (ECF No. 2.) Although the court finds that Green lacks the financial means to pay this court's filing fee, the court must further assess Green's complaint and determine if it is sufficient to proceed. *See* 18 U.S.C. § 1915(e)(2). Green

has consented to the full jurisdiction of a magistrate judge. Because the defendant has not yet been joined, Green is the only party, and thus the court has the consent of all parties and is able to dispositively resolve this matter at the present time. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995); *Hains v. Washington*, 131 F.3d 1248, 1249 and n.2 (7th Cir. 1997).

Article I, sec. 10, cl. 3 of the United States Constitution authorizes states, with the consent of Congress, to enter into a compact with another state. Pursuant to that clause, states, including Wisconsin, *see* Wis. Stat. § 304.16, and Minnesota, *see* Minn. Stat. § 343.1605, both participate in the Interstate Compact for Adult Offender Supervision. "The compact provides a framework for the supervision of adult offenders who are authorized to travel across state lines, 'in such a manner as to enable each compacting state to track the location of offenders, transfer supervision authority in an orderly and efficient manner, and, when necessary, return offenders to their original jurisdictions.'" *Williams v. Wisconsin*, 336 F.3d 576, 582 (7th Cir. Wis. 2003) (quoting Wis. Stat. § 304.16(1)(a)). The compact creates a commission to aid in its implementation and authorizes the commission to create rules that are binding upon compacting states. *Washington v. Neal*, 2012 U.S. Dist. LEXIS 56292, 8-9 (E.D. Wis. Apr. 23, 2012) (citing Wis. Stat. § 304.16(14)(a)(2), (b)). The commission created a rule stating, "*Application fee -* A sending state may impose a fee for each application prepared for an offender." ICAOS

Rules, § 4.107, available at http://www.interstatecompact.org/Legal/ RulesStepbyStep/Chapter4/Rule4107.aspx (last visited March 27, 2017).

On January 1, 2016, the Wisconsin Department of Corrections began charging a $150 fee to Wisconsin offenders applying for a compact transfer to another state. *See* Minutes, Interstate Adult Offender Supervision Board Meeting, Nov. 11, 2016, available at http://www.interstatecompact.org/Portals/0/library/statefiles/WI/WI-State-Council-111116.pdf (last visited March 27, 2017). "The intent of the fee is to offset extradition costs for retaking compact violators." *Id.* The fee cannot be waived and is non-refundable if the application for transfer is denied. Wisconsin Dept. of Corrections, Interstate Compact Application Fee FAQ, http://doc.wi.gov/Documents/ WEB/COMMUNITYRESOURCES/PROBATIONPAROLE/OFFENDERFORMSPROGRA MGUIDE/Interstate%20Compact%20Application%20Fee%20FAQ.pdf (last visited March 27, 2017); *see also* Wisconsin Dept. of Corrections, POC-4 Offender Handbook (English) (Rev. 7/2016) at 12, available at http://doc.wi.gov/Documents/WEB/COMMUNITYRESOURCES/PROBATIONPAROLE/ OFFENDERFORMSPROGRAMGUIDE/POC-0004%20DCC%20Offender%20Handbook %20(English).pdf.

"[T]he right of a United States citizen to travel from one State to another and to take up residence in the State of his choice is protected by the Federal Constitution." *Jones v. Helms*, 452 U.S. 412, 418 (1981). "The right to travel has been described as a

privilege of national citizenship, and as an aspect of liberty that is protected by the Due Process Clauses of the Fifth and Fourteenth Amendments. Whatever its source, a State may neither tax nor penalize a citizen for exercising his right to leave one State and enter another." *Id.* at 418-19 (footnotes omitted).

However, this right does not extend to persons on parole or extended supervision after having been convicted of crimes. With respect to such persons, "the right to travel is extinguished for the entire balance of their sentences." *Williams v. Wisconsin*, 336 F.3d 576, 581 (7th Cir. 2003).

Because Green is on extended supervision, Wisconsin may, consistent with the United States Constitution, control where he may live. Attendant this authority is the ability to impose conditions upon Green's relocation to another state. One such restriction may be the requirement of a fee to offset the state's costs associated with his application for transfer under the Interstate Compact for Adult Offender Supervision.

Therefore, based upon the information contained in his complaint, the court concludes that Green has failed to state a claim upon which relief may be granted. Accordingly, the court will dismiss Green's complaint and this action pursuant to 18 U.S.C. § 1915(e)(1)(B)(ii).

**IT IS THEREFORE ORDERED** that Green's Motion for Leave to Proceed Without Prepayment of the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER ORDERED** that Green's complaint and this action are **dismissed** pursuant to 18 U.S.C. § 1915(e)(1)(B)(ii).

**IT IS FURTHER ORDERED** that Green's motion for the appointment of counsel (ECF No. 3) is **dismissed as moot**.

Dated at Milwaukee, Wisconsin this 27th day of March, 2017.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge

---

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

5
Case 2:17-cv-00420-WED   Filed 03/27/17   Page 5 of 5   Document 5